# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JACOB BARRY ALLSTON,**

      **Plaintiff,**

v.                                                                                    Case No: 6:24-cv-1085-CEM-DCI

**FLORIDA DEPARTMENT OF
REVENUE, 18TH JUDICIAL CIRCUIT
COURT, TITUSVILLE, BREVARD
COUNTY, FLORIDA DEPARTMENT
OF HIGHWAY SAFETY AND MOTOR
VEHICLES.**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Defendants' Motion to Dismiss (Doc. No. 23)
>
> **FILED:** July 31, 2024
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I.  Background

Plaintiff, proceeding *pro se*, filed a 20-count Complaint against the Florida Department of Revenue (Department of Revenue), Florida Department of Highway Safety and Motor Vehicles (Department of Motor Vehicles) and the Eighteenth Judicial Circuit Court (collectively "the Defendants") for damages and declaratory and injunctive relief.  Doc. 1 (the Complaint).  Even though Plaintiff brings his claims pursuant to several federal statutes and Constitutional

amendments, all claims seem to relate to Plaintiff's child support proceedings and the Department of Motor Vehicles' alleged threat to suspend his driver's license. For relief, Plaintiff seeks $3,261,500.00 in damages and requests that the Court declare that the Department of Revenue and "related agencies'" actions were "unauthorized and void," and "permanently enjoin the Department of Revenue from further unauthorized actions against Plaintiff." Doc. 1 at 45.[1]

Pending before the Court is Defendants' Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 23 (the Motion). Specifically, Defendants contend that the Eleventh Amendment bars Plaintiff's claim for damages, and the *Younger* abstention doctrine applies and, therefore, the Court lacks jurisdiction over Plaintiff's state court child support orders. Defendant also assert that Plaintiff has failed to state a claim for injunctive or declaratory relief. Plaintiff has filed a response to the Motion and argues that the Court has subject matter jurisdiction over this matter and his claims are cognizable under federal law. Doc. 28 (the Response).

The undersigned recommends that the Complaint is due to be dismissed. As an initial matter, Plaintiff brings certain counts based on federal laws that do not appear to provide for private causes of action. Namely, Plaintiff brings Counts Four, Five, Twelve, Fourteen, and Eighteen pursuant to 31 U.S.C. § 3123, 18 U.S.C. § 1028A, and Title IV-D, but some authority reflects that these laws do not extend a private right and remedy as Plaintiff apparently claims. *See Richards v. Harris*, 2023 WL 6940280, at *2 (M.D. Fla. Feb. 23, 2023), *report and recommendation adopted by*, 2023 WL 6940281 (M.D. Fla. Mar. 14, 2023) (finding that 18 U.S.C. § 1028A is a criminal statute and, therefore, it does not give rise to civil liability or a private cause

---

[1] Plaintiff includes a request for declaratory and injunctive relief under the "Prayer for Relief" section of the Complaint, but Plaintiff also includes requests for relief within the individual causes of action. *See* Doc. 1.

of action); 31 U.S.C. § 3123 (refers to the *federal* government's "pledge[] to pay, in legal tender, principal and interest on the obligations of the Government issued under this chapter [31 U.S.C. §§ 3101 et seq.") (emphasis added); *Richards v. Harris*, 2023 WL 6940278, at *2 (M.D. Fla. July 25, 2023), *report and recommendation adopted by*, 2023 WL 6940271 (M.D. Fla. Sept. 11, 2023) (finding that a plaintiff failed to identify the specific provision of Title IV-D upon which he relies, nor did he identify a private right created by Title IV-D) (citations omitted); *Blessing v. Freestone*, 520 U.S. 329, 333 (1997) ("Title IV-D contains no private remedy—either judicial or administrative—through which aggrieved persons can seek redress.").² Accordingly, if the Court agrees that Plaintiff's reliance on these laws is misplaced, the Court should dismiss the relevant counts.

But even if there are viable causes of action under these laws, the undesigned still finds that the Complaint is subject to dismissal in its entirety because Plaintiff is not entitled to relief on any of his claims. Specifically, to the extent Plaintiff seeks monetary relief against Defendants, the Eleventh Amendment bars his request. The Eleventh Amendment is an absolute bar to suit for monetary damages against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Absent waiver or express congressional abrogation, not present here, the Eleventh Amendment prohibits Plaintiff's claim against arms of the state—the Department of Revenue, the Department of Motor Vehicles, and the state court—in federal court. *See Kaimowitz v. Florida Bar*, 996 F.2d 1151,

---

²Also, with respect to Counts 15 and 16, it is not entirely clear the nature of the causes of action. The counts are entitled "Role of the Department of Revenue" and "Legal Representation Conflict," but Plaintiff cites to no law to support the claims. Perhaps Plaintiff can state a cause of action but the shotgun nature of the pleading—Plaintiff incorporates each "factual allegation" into every count—makes it impossible to determine which laws form the bases for these claims.'"

1155 (11th Cir. 1993) ("the Eleventh Amendment extends to state agencies and other arms of the state.") (citations omitted); *Zabriskie v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006) ("[U]nder Florida law, the judicial branch is a state agency. And the state court system—including employees of the circuit courts—is part of the judicial branch."); *Royster v. Fla. Dep't of Revenue*, 2023 WL 6882344, at *5 (M.D. Fla. Sept. 13, 2023), *report and recommendation adopted by*, 2023 WL 6878992 (M.D. Fla. Oct. 18, 2023) ("To the extent that [p]laintiff attempts to bring a claim against the State of Florida, the Department of Revenue, or the Department of Motor Vehicles, [the court] lacks jurisdiction.") (citation omitted).

Further, while Defendants limit their request for dismissal based on the Eleventh Amendment to damages, the undersigned also recommends that Plaintiff's requests for injunctive and declaratory relief are barred. Parties may bring suit against state officers under the *Ex Parte Young* exception to the Eleventh Amendment. *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000) (Under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), there is a long and well-recognized exception to this rule for suits against state officers seeking *prospective* equitable relief to end continuing violations of federal law.") (citations omitted) (emphasis added). But the exception is narrow and "has no application in suits against the States and their agencies, which are barred regardless of the relief sought[.]"). *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) (citation omitted). Because Plaintiff has not named a state official as defendant, he is not permitted to invoke *Ex Parte Young* to circumvent immunity.

Accordingly, the undersigned recommends that Plaintiff cannot proceed with his claim for damages or injunctive and declaratory relief and the Complaint should be dismissed. While the analysis could stop here, the undersigned will address Defendants' argument based on *Younger v.*

*Harris* because it raises a jurisdictional question, and a discussion might be relevant to whether the Court permits amendment in whole or in part.[3] Assuming the Eleventh Amendment does not bar Plaintiff's claim for relief or he is otherwise permitted to amend and is able to avoid immunity, Plaintiff's claim for injunctive relief should still be dismissed to the extent Plaintiff's child support enforcement proceedings are ongoing. Under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, district courts should "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Insurance Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997) (explaining that *Younger* absention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings.).

"The *Younger* abstention doctrine asks three questions: 'first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Dicks-Lewis v. 5th Judicial Circuit in and for Marion Cty., Fla.*, 2019 WL 5339789, at *2 (M.D. Fla. Oct. 4, 2019), *report and recommendation adopted by*, 2019 WL 5319220 (MD. Fla. Oct. 21, 2019) (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir.2003)). If the inquiries are answered in the affirmative, then federal courts must abstain from intervention in the ongoing, state-court proceedings.

Here, there seems to be a dispute as to whether Plaintiff's state court proceedings are ongoing. Defendants claim that the enforcement case is pending in the Eighteenth Judicial Circuit in Brevard County, Florida. Doc. 23 at 7, citing Doc. 1. Plaintiff, on the other hand, asserts that

---

[3] The undersigned will not reach Defendants' request for dismissal under Rule 12(b)(6) because the undersigned recommends as a threshold matter that the Eleventh Amendment serves as a bar to Plaintiff's relief, and it appears that the Court should abstain from exercising jurisdiction under *Younger*.

*Younger* has no application because his claims involve "completed actions by state entities[.]" Doc. 28 at 6.

Plaintiff's allegations in the Complaint, however, seem to belie Plaintiff's position as he claims that he recently made a "presentment" and "counterclaim" in the state proceedings before filing the instant action, and the Department of Revenue is currently in default. Doc. 1 at 7-8. Indeed, a review of the state court docket—Case No. 05-2023-DR-54434—seems to reflect that the proceedings are open and there are ongoing events in that matter. *See* [www.brevardclerk.us./case-search](www.brevardclerk.us./case-search).[4]

Thus, Plaintiff's child support enforcement proceeding is apparently still happening and entering relief would impermissibly "directly interfere" in that case.[5] If this is true, the Court turns to the second question, and "it is well-settled that matters involving domestic relations and child support implicate state interests." *Dicks-Lewis*, 2019 WL 5339789, at *2 (citing *Davis v. Self*, 547 Fed. App'x 927, 930 (11th Cir. 2013)).

As to the final question, a federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *31 Foster Children*, 329 F.3d at 1279 (citations omitted). What matters is whether Plaintiff is "procedurally prevented from raising his constitutional claims in state court." *Davis*, 547 Fed. App'x at 931. Here, Plaintiff does not appear to allege in the Complaint that he was or is procedurally barred from raising his

---

[4] The case status is listed as "reopen pending" and there is an event on the docket dated October 3, 2024, for "Reopen Contempt/Enforc Updated," and a notice of hearing and motion for discovery. *Id*.

[5] Even though Plaintiff asserts in the Response that the state proceedings are "completed" and *Younger* is inapplicable, the Court considers the allegations in the Complaint upon a motion to dismiss. *See Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) ("Because Huls raises this argument for the first time in his response to Llabona's motion to dismiss, instead of seeking leave to file an amended complaint. . ., it was not properly raised below.").

claims in state court.⁶ Accordingly, it seems the *Younger* absention doctrine applies and Plaintiff's requests for injunctive and declaratory relief are subject to dismissal.⁷ *See Perales v. Mejia*, (M.D. Fla. July 19, 2024) ("*Younger* requires this Court to dismiss claims for injunctive relief and 'stay claims for monetary relief that cannot be redressed in the state proceeding.'") (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015)).⁸

---

⁷ The undersigned notes that to the extent Plaintiff is correct that the state proceeding is completed, the Court may still lack jurisdictions over his claims under the *Rooker-Feldman* doctrine. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012). It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The doctrine "operates as a bar to federal court jurisdiction where the issue before the court was inextricably intertwined with the state court judgment" such that "the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Id*. at 1262-63 (quotation marks omitted). Even so, the doctrine is narrow in nature and the undersigned will not reach the issue of whether it applies because it appears from the Complaint that the proceedings are still ongoing. The undersigned mentions the doctrine, however, to alert Plaintiff to the issue in the event the Court agrees that Plaintiff should have one opportunity to amend.

⁸ With respect to Plaintiff's claim for monetary damages, *Younger* does not require dismissal but the Court should not consider the request at this juncture. In this circumstance, a 'District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceedings.'" *Scholtz v. Prummell*, 2020 WL 6382027, at *2 (M.D. Fla. Oct. 30, 2020) (quoting *Deakins v. Monaghan*, 484 U.S. 193 (1988)); *see also Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016) ("Although abstention was appropriate, the district court erred in dismissing [plaintiff's] claims rather than staying this action."); *Mellen v. Florida*, 2014 WL 5093885, a *1, 6 (M.D. Fla. Oct. 9, 2014) (citations omitted) ("The Eleventh Circuit has extended *Younger* to § 1983 cases seeking damages, *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985), with the proper course of action being to stay the federal case rather than to dismiss it[.]"); *Greathouse v. St. Petersburg Police Dep't*, 2021 WL 50467, at *1 (M.D. Fla. Jan. 6, 2021) ("In cases involving claims for damages, such as this one, it is common for a federal court to stay the federal proceeding until the relevant criminal case has ended.") (citing *Wallace v. Kato*, 549 U.S. 384 (2007)).

In sum, the undersigned recommends that the Eleventh Amendment bars Plaintiff's requests for relief against Defendants—entities that are arms of the state—and the Complaint should be dismissed. Also, based on the allegations in the Complaint, the Court should not exercise jurisdiction over Plaintiff's claims for injunctive and declaratory relief pursuant to the *Younger* absention doctrine.

But a *pro se* plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). And, here, Plaintiff requests that the Court liberally construe his Complaint and he seems to contend that he may proceed with a claim against state officials for prospective relief in a manner that would not offend the Eleventh Amendment pursuant to *Ex Parte Young*. *See* Doc. 28 at 2. Also, as explained *supra*, Plaintiff contends that he may proceed despite *Younger* absention because the state proceedings are "complete." As such, the undersigned recommends that Plaintiff should be given leave to amend to cure amd address the deficiencies set forth in this report and recommendation.

Based on the foregoing, the undersigned **RECOMMENDS** that the Court:

1. **GRANT in part** Defendants' Motion to Dismiss (Doc. 23) and **DISMISS** the Complaint with leave to amend to cure the deficiencies as discussed in this report; and
2. **DENY** the remainder of the Motion (Doc. 23).

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure

to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

    Recommended in Orlando, Florida on October 21, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy