# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JACOB BARRY ALLSTON,**

        **Plaintiff,**

**v.**                                                      **Case No: 6:24-cv-1085-CEM-DCI**

**FLORIDA DEPARTMENT OF
REVENUE, 18TH JUDICIAL
DISTRICT CIRCUIT COURT,
TITUSVILLE, BREVARD COUNTY
and FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR
VEHICLES,**

        **Defendants.**

_____

## ORDER

By Order dated October 21, 2024, the Court granted Defendants' Motion for Protective Order and Motion to Stay Discovery and All Rule 26 Obligations. Doc. 38. That same day, the undersigned issued a report recommending that the Court grant in part Defendants' Motion to Dismiss the Complaint with leave to cure the deficiencies. Doc. 40.[1] The report remains pending.

Before the Court is Plaintiff's correspondence entitled "Request for Clarification on Protective Order and Stay of Discovery." Doc. 44 (the Motion). Plaintiff contends that since "immunity defenses should not serve as a blanket justification for halting discovery in this federal proceeding" then he "seeks clarification on the specific legal grounds for this protective stay and an explanation as to why discovery cannot proceed at this stage." Doc. 44 at 1. Plaintiff argues that discovery may continue in cases with an immunity defense and Defendants have not

_____

[1] Plaintiff has since filed an Amended Complaint. Doc. 47.

demonstrated a specific harm with respect to the discovery requests. *Id.* at 1, 2.  Plaintiff seeks the Court's "guidance" in clarifying the "procedural expectations." *Id.* at 2.

The Motion is denied for several reasons.  First, Local Rule 3.01(k) provides that a party must not use a letter, email, or the like to request relief.  As such, Plaintiff's letter to the Court is unauthorized.

Second, Plaintiff seeks relief from the Court and, therefore, Plaintiff needed to confer with Defendants before requesting Court intervention and was required to include a "Local Rule 3.01(g) certification" at the end of the Motion but did not do so.  *See* Local Rule 3.01(g)(1), (2). Accordingly, to the extent Plaintiff's request is a motion—and it appears that it is—Plaintiff failed to comply with the Local Rules, and for that reason alone the Motion is due to be denied.

Third, while Plaintiff states that he seeks clarification, he is essentially seeking reconsideration of the Court's Order granting the protective order and stay of discovery. Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Here, Plaintiff has not demonstrated that any of these factors are present.  Instead, Plaintiff disagrees with the stay in light of the immunity defense, and that issue was already before the Court upon consideration of Defendants' Motion requesting the stay and Plaintiff's response. *See* Docs. 38, 39.  The immunity issue was also before the undersigned upon consideration of Defendants' Motion to Dismiss and is addressed in the report and recommendation.  Plaintiff has raised objections to the report and those objections are still before the Court.  Docs. 23, 40, 43.  "A

motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). Plaintiff has stated no valid basis for reconsideration.

Finally, there is nothing to clarify. The Court granted Defendants' request to stay "[g]iven the arguments set forth in the pending motion to dismiss[.]" Doc. 39. Regardless, the Court will provide some additional explanation for its ruling. The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). A motion to stay discovery pending a ruling on a dispositive motion is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)); *see* Middle District Discovery (2015) at (I)(E)(4). The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652; *see* Middle District Discovery (2015) at (I)(E)(4) (the court may stay discovery "upon a specific showing of prejudice or undue burden"). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652-53 (internal quotation marks

omitted).   Here, the undersigned did more than take a preliminary peak, the undersigned recommended the motion to dismiss be granted.   And though the undersigned recommended that Plaintiff, who is proceeding pro se, be given an opportunity to amend, the undersigned finds that the issues raised in the motion to dismiss may be truly case dispositive—especially as to certain defendants and claims—and that, as such, the motion to stay is due to be granted, having considered and weighed the harms inherent in staying discovery.

Accordingly, Plaintiff's Motion (Doc. 44) is **DENIED**.

**ORDERED** in Orlando, Florida on November 27, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties