UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JACOB BARRY ALLSTON,**

        **Plaintiff,**

v.   Case No.  6:24-cv-1085-CEM-DCI

**FLORIDA DEPARTMENT OF REVENUE, 18TH JUDICIAL DISTRICT CIRCUIT COURT, TITUSVILLE, BREVARD COUNTY, and FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss ("Motion," Doc. 23), to which Plaintiff filed a Response (Doc. 28). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 40), recommending that the Motion be granted in part and denied in part. (*Id.* at 8). Plaintiff filed Objections (Doc. 43).

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See*

*also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff begins his Objections by making an argument about corporate entities and individuals having separate legal identities. (Doc. 43 at 2–6). However, no part of the R&R addresses corporate entities, let alone uses the word "corporate" or "corporation." "Where a party raises an argument for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument." *Daniel v. Chase Bank USA, N.A.*, 650 F. Supp. 2d 1275, 1278 (N.D. Ga. 2009) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)). Plaintiff did not present these arguments to the Magistrate Judge, and therefore, the Court declines to consider them.

Then, despite several counts being premised upon federal laws that do not contain a private cause of action, Plaintiff argues that he may nevertheless bring an action under 31 U.S.C. § 3123, 18 U.S.C. § 1028A, and Title IV-D. (Doc. 43 at 6–8). Plaintiff also asserts that while Florida's Department of Revenue, Department Motor Vehicles, and state courts "are traditionally viewed as arms of the state, the key issue is whether they acted outside the scope of their lawful authority or violated

federal law." (*Id.* at 8). Plaintiff also claims § 1983 supports Count Fifteen but seemingly acknowledges the need to clarify Count Sixteen. (*Id.*) However, Plaintiff provides no legal authority in support of these positions. Plaintiff "forfeits an issue when [he] raises it in a perfunctory manner without supporting arguments and authority." *Harner v. Comm'r of Soc. Sec.*, 38 F.4th 892, 899 (11th Cir. 2022) (quotation marks and citation omitted).

Finally, Plaintiff takes issue with the R&R for failing to address the alleged ongoing harassment by the Florida Department of Revenue because it defeats Eleventh Amendment immunity. (Doc. 43 at 9). Plaintiff cites to two cases from outside of this circuit for which this Court is unable to find exact matches to the case names and citations provided. But none of the cases the Court found support Plaintiff's argument that such alleged conduct destroys Eleventh Amendment immunity. Plaintiff then cites to three Supreme Court cases in support. One does not mention the Eleventh Amendment at all. As one of those cases explains: "Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002). And none of the exceptions to Eleventh Amendment immunity apply here. *See Cichowski v. Totten*, No. 24-10195, 2024 U.S. App. LEXIS 11720, at *5–6 (11th Cir. May 15, 2024) (discussing the exceptions).

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and considering the Objections, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 43) are **OVERRULED**.

2. The Report and Recommendation (Doc. 40) is **ADOPTED** and made a part of this Order.

3. Defendant's Motion to Dismiss (Doc. 23) is **GRANTED in part** and **DENIED in part**.

    a. The Complaint (Doc. 1) is **DISMISSED**.

4. The Amended Complaint (Doc. 47) is **ACCEPTED** as timely.

**DONE** and **ORDERED** in Orlando, Florida on December 5, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party