**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JACOB BARRY ALLSTON,**

      **Plaintiff,**

v.                                                                       **Case No: 6:24-cv-1085-CEM-DCI**

**FLORIDA DEPARTMENT OF**
**REVENUE, 18TH JUDICIAL**
**DISTRICT CIRCUIT COURT,**
**TITUSVILLE, BREVARD COUNTY**
**and FLORIDA DEPARTMENT OF**
**HIGHWAY SAFETY AND MOTOR**
**VEHICLES,**

      **Defendants.**

**ORDER**

This matter is before the Court upon consideration of Plaintiff's recently filed Motions and Notices. Docs. 53, 60, 61, 62, 63. The Motions and Notices are due to be denied or stricken for several reasons. First, Plaintiff's "Supplemental Clarification to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 60) (the Supplement) and the Notices of Errata (Docs. 61, 63) are due to be stricken as improper filings. The Federal Rules of Civil Procedure and the Local Rules of this Court do not permit a "Notice of Errata" to correct a motion or response to a motion and Plaintiff must first seek leave to amend his filings in accordance with Local Rule 3.01(a) and (g). He has not done so. Further, to the extent Plaintiff files the Supplement and the December 26, 2024 Notice of Errata (Docs. 60, 61) to add content to the Response to the Motion to Dismiss (Doc. 59) (the Response), those filings are stricken because the Response already exceeds the page limit set forth in Local Rule 3.01(b).

Second, Plaintiff's Motion to Seal (Doc. 62) is due to be denied because Plaintiff has not complied with Local Rule 3.01(g). Specifically, Local Rule 3.01(g)(1) requires the movant to confer with the opposing party in a good faith effort to resolve the motion and Plaintiff does not certify that conferral occurred. *See* Doc. 62. Further, the Court is not persuaded that the filing of the "Certified Transcript of Birth and Certificate of Live Birth" is necessary. Accordingly, the request to seal the item is denied pursuant to Local Rule 1.11(b)(3).

Third, Plaintiff's Motion to Lift Protective Order and Discovery Stay (Doc. 53) is denied for the same reasons stated in the Court's October 21, 2024 Order granting Defendants' Motion to Stay Discovery and All Rule 26 Obligations. Doc. 39. Namely, the Court ordered the stay until Defendants file an answer in this case, if that occurs. Doc. 39. It has not occurred. While the Court has since ruled on Defendants' original motion to dismiss, which was the impetus for Defendants' request to stay, Plaintiff has filed an Amended Complaint and Defendants have filed another motion to dismiss reasserting largely the same arguments for dismissal. Doc. 58. The Court still finds as it did in the October 21, 2024 Order that discovery and the Rule 26 obligations are due to be stayed given the arguments set forth in Defendants' requests for dismissal.

Finally, to the extent Plaintiff seeks reconsideration of the Court's October 21, 2024 Order (Doc. 39) or Order denying Plaintiff's Motion to Clarify (Doc. 52), "[t]he court's reconsideration of a prior order is an extraordinary remedy and exercise of this power must be used sparingly." *Lahey v. State Farm Mut. Auto Ins. Co.*, 2008 WL 1766764, at *1 (M.D. Fla. Apr. 17, 2008) (citing *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814 Supp. 1072, 1072-73 (M.D. Fla. 1993)). Plaintiff has not demonstrated that the Court should reconsider the stay.

Based on the foregoing, it is **ORDERED** that:

1. the Motion to Lift Protective Order and Discovery Stay (Doc. 53) is **DENIED**;

2. the Motion to Seal (Doc. 62) is **DENIED**; and

3. the Supplement (Doc. 60) and Notices of Errata (Docs. 61, 63) are **STRICKEN**.

**ORDERED** in Orlando, Florida on January 8, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties