# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JACOB BARRY ALLSTON,**

      **Plaintiff,**

v.                                                         Case No: 6:24-cv-1085-CEM-DCI

**FLORIDA DEPARTMENT OF
REVENUE, 18th JUDICIAL CIRCUIT
COURT, TITUSVILLE, BREVARD
COUNTY, FLORIDA DEPARTMENT
OF HIGHWAY SAFETY AND MOTOR
VEHICLES.**

      **Defendants.**

## ORDER

Pending before the Court is Plaintiff's "Motion to Compel E-Filing Access" filed pursuant to 28 U.S.C. § 1654. Doc. 82 (the Motion). Plaintiff states that "the Clerk's Office issued a policy that filings from litigants without attorneys will no longer be accepted through the Lawyer Web Portal." *Id*. at 1. As a result, Plaintiff claims that his ability to meet court deadlines and meaningfully participate in the litigation "is severely impaired." *Id*. Plaintiff points to his 434-page Second Amended Complaint and asserts that "[r]equiring paper-based submission under these circumstances is unduly burdensome, prejudicial, and obstructs Plaintiff's right to due process and equal access to the courts." *Id*. at 1-2. Plaintiff, therefore, requests that the Court "issue an order compelling the Clerk to grant or restore his e-filing access through the CM/ECF system for all future filings in this matter." *Id*. at 2.

The Motion is due to be denied. Effective August 1, 2025, litigants without lawyers in the Middle District of Florida are not permitted to submit filings through the Court's web portal and

must submit filings in person, by U.S. Mail, or by other delivery service. www.flmd.uscourts.gov/litigants-without-lawyers.[1] As such, to the extent Plaintiff's request is to "restore" access, Plaintiff is not entitled to relief.

With respect to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." Admin. Proc. for Elec. Filing § B (August 1, 2025). And "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

In this instance, Plaintiff has not shown any extenuating circumstances or good cause to authorize his access to CM/ECF. In general, Plaintiff has filed documents in a timely and appropriate manner and has sought leave of Court when he needed an extension to comply with a deadline. *See* Docs. 31, 43, 74. The Court is not persuaded that CM/ECF access is necessary for Plaintiff to "meaningfully" litigate this matter as he contends. Also, the Court is not convinced that Plaintiff's previously filed voluminous Second Amended Complaint (Doc. 80) demonstrates that the filing of future documents in person, by U.S. Mail, or other delivery service will be unduly burdensome and prejudicial. Finally, while Plaintiff mentions his "technical competence and

---

[1] "Previously, the Court operated a web portal that allowed *pro se* litigants to file documents electronically. That service has now ended." *Gillespie v. Wilcox*, 2025 U.S. Dist. LEXIS, at *2 (M.D. Fla. Aug. 11, 2025).

procedural compliance required for e-filing access," those factors alone do not appear to be good cause to justify authorization. Plaintiff certainly does not cite to any authority to support that argument. *See* Doc. 1. Overall, the Court finds that Plaintiff has not met his burden and, therefore, relief is not warranted.

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion (Doc. 82) is **DENIED**.

Ordered in Orlando, Florida on August 12, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy