**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JACOB BARRY ALLSTON,**

      **Plaintiff,**

v.                                                                                       Case No: 6:24-cv-1085-CEM-DCI

**FLORIDA DEPARTMENT OF**
**REVENUE, 18TH JUDICIAL CIRCUIT**
**COURT, TITUSVILLE, BREVARD**
**COUNTY, FLORIDA DEPARTMENT**
**OF HIGHWAY SAFETY AND MOTOR**
**VEHICLES.**

      **Defendants.**

## ORDER

By Order dated August 12, 2025, the Court denied Plaintiff's "Motion to Compel E-Filing Access" filed pursuant to 28 U.S.C. § 1654. Doc. 88 (the Order). The Court found that to the extent Plaintiff requested restoration to his access to the web portal, relief was not warranted because the web portal no longer exists. *Id.*[1] The Court also found that Plaintiff had not shown that extenuating circumstances or good cause existed to authorize his access to CM/ECF. *Id.*

Pending before the Court is Plaintiff's Motion for Reconsideration of the Order. Doc. 89 (the Motion). Plaintiff states that "[t]he denial disregards the practical and constitutional implications of forcing a pro se litigant in a multi-defendant RICO and constitutional rights case—now involving ten individual defendants—into a paper-only filing regime that will significantly impair the ability to litigate effectively." *Id.* at 2. Since Plaintiff characterizes this as a "high-

---

[1] Effective August 1, 2025, litigants without lawyers in the Middle District of Florida are not permitted to submit filings through the Court's web portal and must submit filings in person, by U.S. Mail, or by other delivery service. www.flmd.uscourts.gov/litigants-without-lawyers.

volume" case, Plaintiff argues that the Court failed to consider Plaintiff's right of access to the court and the denial "implicates the Equal Protection Clause." *Id*. at 7, 8.

It is not clear, but it appears that Plaintiff contends that reconsideration is warranted because the Court has overlooked these facts or imposed a manifest injustice with the denial for relief. *Id*. at 1. Plaintiff also seeks to seek relief because the Court allegedly omitted consideration of Federal Rule of Civil Procedure 5(d)(3) and "ignore[d] the forward-looking prejudice of litigating a complex, multi-defendant case without e-filing." *Id*. at 5, 6.

Plaintiff adds that good cause exists to allow permission to e-file and the Court denied relief without a particularized showing. *Id*. at 3. Plaintiff argues that "Plaintiff has now made a specific, forward-looking record: ten individual defendants, a 434-page operative pleading, and imminent rounds of Rule 12 motions, discovery disputes, and dispositive practice-all of which will multiply filings and compress response times." *Id*. Plaintiff states that he "anticipates rapid and high-volume motion practice, including multiple Rule 12(b) motions, discovery disputes, dispositive motions, and potential emergency filings." *Id*. at 2. Plaintiff also claims that his ability to timely file documents in the past should not weigh against him and paper filings only cause delays resulting in prejudice. *Id*. at 4.

In addition, Plaintiff asserts that his technical competence demonstrates good cause to allow permission to e-file and he is prejudiced without it because he is "forced into filing and service channels, increasing the risk of missed or compressed deadlines in a case that virtually guarantees simultaneous briefing against multiple parties." *Id*. at 5 to 6.

The Motion is due to be denied. Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear

error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration may not be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)).

Plaintiff does not refer the Court to a change in the law, discovery of new material, or convince the Court that there is a need to correct clear error or a manifest injustice. Plaintiff's desire to provide additional reasons or further explain his arguments previously raised in the "Motion to Compel E-Filing Access" does not satisfy the burden on reconsideration. In short, Plaintiff's attempt to relitigate his original request is not a basis for the extraordinary relief.

In any event, Plaintiff's arguments do not otherwise convince the Court that access to CM/ECF is warranted. Plaintiff cites to a 2018 Committee Note related to Rule 5(d)(3)(B) for the proposition that the Court should allow *pro se* electronic filing where appropriate. The Court considered Plaintiff's arguments for authorization and found that allowing electronic filing is not appropriate here.

The existence of multiple defendants does not necessarily make this case complex. The Court previously adopted the recommendation to grant in part Defendants' Motion to Dismiss

(Doc. 77) and Plaintiff only recently filed the voluminous Second Amended Complaint.  Doc. 80.  Defendants have not filed answers or responses to the operative pleading and, therefore, Defendants' position(s) on Plaintiff's claims, and whether there will be motions filed pursuant to Rule 12(b) as Plaintiff anticipates, remains to be seen.

The fact that Plaintiff already foresees discovery disputes and emergency filings does not bode well for this litigation.  Parties are not permitted to bring discover disputes to the Court for consideration without conferring in good faith to resolve the dispute.  Local Rule 3.01(g); *see also* Doc. 5 (The Standing Order on Discovery Motions—"If a discovery dispute arises, the parties must confer in person or via telephone in a good faith effort to resolve the dispute before seeking court intervention."); Middle District of Florida Discovery Handbook at Section I (2025) ("Discovery in this district should be practiced with a spirit of cooperation and civility.").  Also, the "unwarranted designation of a motion as an emergency can result in a sanction."  Local Rule 3.01(e).  Plaintiff must comply with the Local Rules even though he is proceeding without representation.  Accordingly, the Court is not persuaded that non-existent discovery disputes and emergencies are reason to reconsider the Order or otherwise demonstrate good cause for leave to electronically file.

And with respect to Plaintiff's prediction that this will be a "high-volume" case, Plaintiff is reminded that there is a page limitation on motions and responses filed in this Court.  *See* Local Rule 3.01(a), (b); *see also* Doc. 5 (The Standing Order on Discovery Motions—"If the parties are unable to resolve the discovery dispute, a party may seek court intervention, but must do so by filing a Short-Form Discovery Motion in compliance with this Order.  Neither the Motion nor any response thereto shall exceed 500 words, exclusive of caption, signature block, and certifications.").

Finally, if Plaintiff thinks that he might "miss" a deadline or otherwise requires an extension of time, he may file an appropriate motion for the Court's consideration as he has done in the past.

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion (Doc. 89) is **DENIED**.

Ordered in Orlando, Florida on August 26, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy