# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JACOB BARRY ALLSTON,**

        **Plaintiff,**

v.                                               **Case No: 6:24-cv-1085-CEM-DCI**

**RON DESANTIS ET AL.**

        **Defendants.**

## ORDER

Pending before the Court is Plaintiff's Motion to disqualify the undersigned "from further participation in this matter pursuant to 28 U.S.C. § 455(a) and § 455(b)(1)." Doc. 107 (the Motion). Plaintiff alleges that the undersigned has "engaged in a sustained pattern of one-sided case management" as "Plaintiff's motions are routinely denied with little or no analysis, often after months of delay, while Defendants' motions are granted almost immediately." *Id*. at 2. Plaintiff believes that he is held to a "stricter standard" while the "[p]rocedural missteps by State Defendants are excused or overlooked[.]" *Id*. Plaintiff contends that the undersigned has prematurely granted extensions which confirms bias; there is an appearance of bias as evidenced by "contradictory findings"; and "[b]y relegating Plaintiff to paper filing while affording Defendants instantaneous electronic access, the [undersigned] has created a two-tiered litigation system." *Id*. at 5 to 6. Plaintiff concludes that the "pattern of rulings undermines confidence in neutrality." *Id*. at 7.

The Motion is due to be denied. Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The purpose of this provision

is "to promote public confidence in the integrity of the judicial process" and "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859 n. 7, 865 (1988) (citations omitted). In addition, § 455(b)(1) requires disqualification in any case "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

"'[J]udges are presumed to be impartial' and a litigant seeking to have a judge recused from a case 'bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality.'" *Centennial Bank v. Servisfirst Bank, Inc.*, 2020 WL 1061446, at *2 (M.D. Fla. Mar. 4, 2020) (citing *Taylor v. Bradshaw*, 2014 WL 5325291, at *1 (S.D. Fla. 2014)). The test in this regard "'is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" *Yeyille v. Miami Dade Cty. Pub. Sch.*, 654 F. App'x 394, 396 (11th Cir. 2016) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)).

Further, "[a] judge is equally obligated to preside over a case when there is no legitimate reason to recuse as she is to recuse when the law and facts require." *Paylan v. Bondi*, 2017 WL 11553079, at *2 (M.D. Fla. Apr. 6, 2017) (citing *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002)). If the judge finds that none of the explicitly enumerated conflicts of interest in which recusal is mandatory under § 455 apply, "the judge is obligated to continue to preside over the case." *Paylan*, 2017 WL 11553079, at *2 (citing *Lawal v. Winners Int'l Rests Co. Ops., Inc.*, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) (holding a trial judge has as much obligation not to recuse herself when there is no reason to do so as she does to recuse herself when the converse is true)).

Here, no bases for disqualification exist. First, Plaintiff's dissatisfaction with the certain rulings is not a sufficient reason to disqualify the undesigned from the case. *See Paylan*, 2017 WL 11553079, at *3 (citing *Moore v. Shands Healthcare, Inc.*, 617 Fed. Appx. 924, 927 (11th Cir. 2015) ("Moore moved for a recusal based on his dissatisfaction with the rulings of the district court, but adverse rulings provide grounds for an appeal, not a recusal."); *Bryne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.") (citation omitted).

Second, Plaintiff's disagreement with the undersigned's case management or when motions are decided does not warrant relief. *See Wood v. Frederick*, 2022 WL 1742953, at *4 (11th Cir. May 31, 2022) ("Even assuming that certain case management orders by the district court asymmetrically disadvantaged [the plaintiff], such actions cannot reasonably call into doubt the judge's impartiality.") (citing *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004)); (*In re Vital Pharms, Inc.*, 2025 WL 1617545, at *4 (S.D. Fla. Bankr. 2025 WL 1617545) (finding that "[t]he Supreme Court has made clear" that a claim "premised on adverse rulings, firm case management, and efforts to maintain procedural discipline" is not a basis for recusal); *Hudson v. Macon Bibb Plan. Zoning Comm'n*, 2025 WL 1839947, at *5 (M.D. Ga. July 3, 2025) ("Routine case administration efforts, 'including the time it takes to consider and rule on motions. . . are not proper grounds for recusal.'") (quoting *Whitest v. Crist Cnty Dist.*, 2022 WL 21841606, at *3 (M.D. Ga. Mar. 3, 2022)).

Third, with respect to Plaintiff's complaint regarding the undersigned's denial of his motion to e-file and motion for reconsideration of that denial, the undersigned thoroughly analyzed Plaintiff's requests for relief under the relevant law and procedure. *See* Docs. 88, 93. Plaintiff does not have a right to electronically file documents with the Court and, again, Plaintiff's

disagreement with the undersigned's rulings does not demonstrate bias or that recusal is otherwise appropriate.

Finally, Plaintiff has already raised his argument that the undersigned "prematurely granted extensions" when he filed his appeal of the undersigned's order. Doc. 109. That appeal is currently before the District Judge and will be considered in due course. Even so, assuming *arguendo* Plaintiff is successful on that appeal, Plaintiff's contention that the undersigned's ruling demonstrates bias is still unfounded. *See Hooker v. OPM*, 2020 WL 6947523, at *1 (M.D. Fla. Oct. 7, 2020) (denying a motion for recusal and rejecting the plaintiff's assertion of impartiality based on the court's grant of the defendant's motion for extension and noting that while Local Rule 3.01 permits a response, it does not create a right to respond).

In sum, the Motion to Disqualify comes down to unsubstantiated allegations that the undersigned is biased because Defendants have received more favorable or quicker rulings while Plaintiff has not prevailed on some of his filings. Plaintiff may not agree with the undersigned's decisions or how and when he handled each request, but mere disagreement does not warrant relief. Plaintiff has not otherwise demonstrated bias or prejudice and, therefore, the Motion to Disqualify has no merit.

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 107) is **DENIED**.

Ordered in Orlando, Florida on October 7, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy