UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JACOB BARRY ALLSTON,**

    **Plaintiff,**

    v.                                         Case No. 6:24-cv-1085-CEM-DCI

**RON DESANTIS, ASHLEY MOODY, JIM ZINGALE, DAVE KERNER, JESSICA SCHWIETERMAN, HERNAN CASTRO, LAURA MOODY, LINDA PEREZ, DEBORAH HUFF, and JENNIFER CHEATHAM,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on the Magistrate Judge's Report and Recommendation ("R&R," Doc. 147), which recommended that the Second Amended Complaint (Doc. 80) be dismissed as a shotgun pleading, (Doc. 147 at 8). Plaintiff filed an Objection (Doc. 150) to the R&R, and Defendants filed a Response in Opposition to Plaintiff's Objection (Doc. 153). In addition, the Magistrate Judge recommended that Plaintiff's Motion to Strike Improper Substitution ("Motion to Strike," Doc. 140) be granted in part and that Plaintiff's Objection to Defendants' Notice of Appearance (Doc. 111) and Defendants Cheatham and Huff's Notice

Regarding Motion to Dismiss (Doc. 125) be stricken. (Doc. 147 at 12–13). The Magistrate Judge also recommended that the following motions be denied as moot: Plaintiff's Motions for Clerk's Entry of Default (Doc. Nos. 108, 113, 114, 115, 120, 122, 126, 127, 128, 138), Plaintiff's Motion to Correct (Doc. 137), Plaintiff's Motions to Compel Service of Process (Doc. Nos. 123, 131), Plaintiff's Motion to Compel Clerk's Entry of Default (Doc. 142) and Defendants' Motion to Dismiss (Doc. 112). (*Id.* at 13).

This cause is also before the Court on the following objections to non-dispositive orders entered by the Magistrate Judge: Plaintiff's Objection (Doc. 109) to the Magistrate Judge's Order on Defendants' Motion for Extension of Time (Doc. 95); Plaintiff's Objection (Doc. 110) to the Magistrate Judge's Order (Doc. 93), denying Plaintiff's Motion for Reconsideration (Doc. 89) of the Magistrate Judge's Order (Doc. 88), which denied Plaintiff's Motion to Compel E-Filing Access (Doc. 82); Plaintiff's Objection (Doc. 139) to the Magistrate Judge's Order (Doc. 136) striking several of Plaintiff's filings; and Plaintiff's Objection (Doc. 151) to the Magistrate Judge's Order (Doc. 146) denying Plaintiff's Motion to Disqualify the Magistrate Judge (Doc. 107).

Finally, this cause is before the Court on Plaintiff's Motion for Court to Confirm Absence of Conflict of Interest Regarding Counsel Frank Mari (Doc. 155)

and Defendants' Motion to Cancel or Reschedule Trial Status Conference (Doc. 158).

## I.   BACKGROUND

Plaintiff's claims arise out of child support proceedings that resulted in enforcement actions against Plaintiff. (*See generally* Doc. 80). Plaintiff alleges that the state court proceedings and enforcement actions violated the Constitution and several federal laws. (*Id.*). Defendants are state officials and employees. (*Id.*). In retaliation for filing this suit, Plaintiff claims that Defendants have engaged in a conspiracy to interfere with his civil rights. (*Id.* at 23–24).

Plaintiff's Complaint (Doc. 1) and Plaintiff's Amended Complaint (Doc. 47) were dismissed due to Plaintiff's claims being barred by the Eleventh Amendment and the *Younger* abstention doctrine; Plaintiff was given leave to refile. (December 5, 2024 Order, Doc. 55 at 4; July 16, 2025 Order, Doc. 77). The operative pleading is Plaintiff's Second Amended Complaint, which the Magistrate Judge has recommended be dismissed as a shotgun pleading.

This Court will begin its analysis by reviewing the R&R and Plaintiff's Objection. Next, the Court will turn to Plaintiff's objections to non-dispositive orders entered by the Magistrate Judge. Then the Court will discuss Plaintiff's use of false legal authority and AI. Finally, the Court will address Plaintiff's Motion for Court to Confirm Absence of Conflict of Interest.

## II. REPORT AND RECOMMENDATION

### A. Legal Framework

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Analysis

Plaintiff's Objection raises numerous arguments regarding the R&R. Most critically, Plaintiff objects to the R&R's finding that the Second Amended Complaint is a shotgun pleading. If the Second Amended Complaint is found to be a shotgun pleading, many of Plaintiff's remaining requests for relief, including those which relate to Plaintiff's Motions for Clerk's Entry of Defaults, become moot. Thus, this Court will analyze the classification of the Second Amended Complaint as a shotgun pleading before addressing Plaintiff's objections to the Magistrate Judge's recommendations relating to Plaintiff's Motion for Clerk's Defaults, Plaintiff's Motion to Strike, Plaintiff's Objection to Defendants' Notice of

Appearance, Defendant's Notice Regarding Motion to Dismiss, and Plaintiff's other miscellaneous objections.

    *1.    Shotgun Pleading*

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)). The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the

defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1323.

The Magistrate Judge found that the Second Amended Complaint was characteristic of the most common type of shotgun pleading—a complaint where each count adopts the allegations of all preceding counts. (Doc. 147 at 6–8). The first sentence of each of Plaintiff's forty-five counts adopts and realleges all the allegations of the proceeding Counts. (Doc. 80 at 252–409). As a result, Plaintiff's last count is "a combination of the entire complaint." *Weiland*, 792 F.3d at 1321.

Plaintiff's Objection states that the "SAC's cross-references were not careless repetition—they were a structural necessity in alleging a multi-defendant/ agency pattern of conduct . . . ." (Doc. 150 at 4). According to Plaintiff, *Jackson v. Bank of Am.*, 898 F.3d 1348, 1356 (11th Cir. 2018), clarified *Weiland* and "made clear that 'the mere incorporation of factual allegations across counts does not render a complaint shotgun' where those facts are necessary to establish overlapping elements of multiple constitutional or statutory claims." (Doc. 150 at 4 n.2). Although Plaintiff purports to be quoting *Jackson* here, as Defendants' Response points out, this language does not appear in *Jackson*.[1] (Doc. 153 at 2). In actuality, the Eleventh Circuit in *Jackson* found the opposite—that an amended complaint

---

[1] Plaintiff's Objection contains several significant misrepresentations and misquotations of caselaw. Plaintiff has done this in previous filings. (*See* July 16, 2025 Order, Doc. 77, at 2–3). The Court will address this issue at the conclusion of this Order.

which "employs a multitude of claims and incorporates by reference all of its factual allegations into each claim . . . patently violates Federal Rule of Civil Procedure 8." *Jackson*, 898 F.3d at 1356. Here too, Rule 8 is violated. The 434-page Second Amended Complaint fails to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The Second Amended Complaint will be dismissed. However, because this is "the special circumstance of non-merits dismissals on shotgun pleading grounds," and this is the first time this Court has instructed Plaintiff on shotgun pleadings, Plaintiff will be granted a final opportunity to plead his claims. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). The Third Amended Complaint should correct the shotgun pleading deficiencies explained in this Order and the Report and Recommendation. Failure to do so may result in the dismissal of this case with prejudice without further notice.

2. *Motions for Clerk's Entry of Default*

Next, the Court turns to Plaintiff's objections to the Magistrate Judge's recommendation that Plaintiff's Motions for Clerk's Entry of Default and related motions, (Motions for Clerk's Entry of Default (Doc. Nos. 108, 113, 114, 115, 120, 122, 126, 127, 128, 138); Motion to Correct (Doc. 137); Motion to Compel Clerk's Entry of Default (Doc. 142)), be found moot in light of the dismissal of the Second Amended Complaint. The relief Plaintiff seeks in his Objection and in these motions

is the entry of Clerk's defaults against certain defendants, but a default cannot be entered on a dismissed pleading, and therefore Plaintiff's motions are necessarily moot. Moreover, even if Clerk's defaults were entered in accordance with Plaintiff's requests this would provide only illusory relief because Plaintiff would not be entitled to default judgments since the Second Amended Complaint is a shotgun pleading. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) ("Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'")).

    3.    *Motion to Strike*

Additionally, Plaintiff partially objects to the Magistrate Judge's recommendation that Plaintiff's Motion to Strike be granted in part. (Doc. 147 at 11–12). In that portion of the R&R, the Magistrate Judge explains that the automatic substitution of parties under Federal Rule of Civil Procedure 25(d) may not apply to the Second Amended Complaint. (*Id.*).[2] The Magistrate Judge also recognizes that the relief requested by Plaintiff may be rendered moot by the dismissal of the Second Amended Complaint. The primary relief Plaintiff seeks in the Motion to Strike is a default against Defendant Ashley Moody in her individual capacity. As explained

---

[2] None of the parties objected to the Magistrate Judge's analysis regarding the application of Rule 25(d).

above, the Second Amended Complaint will be dismissed, and a default cannot be entered on a dismissed pleading. Therefore, the Motion to Strike will be denied as moot.

    4.    *Stricken Filings*

Plaintiff also objects to the Magistrate Judge's recommendation that Plaintiff's Objection to Defendant's Notice of Appearance and Defendants Cheatham and Huff's Notice Regarding Motion to Dismiss be stricken. (Doc. 150 at 14–15, 18–20). Plaintiff argues that striking these filings suppresses and conceals admissible evidence. (*Id.*). The Court agrees with the Magistrate Judge's findings that Plaintiff's Objection to Defendant's Notice of Appearance does not state a legal basis to object to a notice of appearance and that Defendant's Notice Regarding Motion to Dismiss improperly attempts to incorporate the position stated in the Notice into the Motion to Dismiss. (Doc. 147 at 11–12). Therefore, these filings will be stricken as improper.

    5.    *Miscellaneous Objections*

The Court next turns to Plaintiff's objections that do not fit into any of the previous categories. These include Plaintiff's objection to the recommendation that his Motions to Compel Service of Process and Defendants' Motion to Dismiss be denied as moot, Plaintiff asserts that the speed at which the R&R was issued shows bias against Plaintiff, and Plaintiff's claim that the Magistrate Judge exceeded the

scope of 28 U.S.C. 636(b)(1) in the R&R. (Doc. 150 at 15–17, 20–21). The Motions to Compel Service of Process and the Motion to Dismiss arise from the Second Amended Complaint and are rendered moot by its dismissal. That said, the denial of these motions as moot does not prevent similar motions from being refiled after a Third Amended Complaint is filed. Plaintiff's assertions related to potential bias and the Magistrate Judge exceeding the scope of 28 U.S.C. 636(b)(1) are "[f]rivolous, conclusive, or general" and do not need to be considered by the Court. *See United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Accordingly, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation will be overruled and the Magistrate Judge's recommended disposition will be accepted.

### III. OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS

Objections to a Magistrate Judge's non-dispositive orders are reviewed under the "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a); *Jordan v. Comm'r, Miss. Dep't of Corr.*, 908 F.3d 1259, 1263 (11th Cir. 2018). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*,

333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326–27 (M.D. Fla. 2011)).

The following four objections to orders issued by the Magistrate Judge are before this Court: (1) Plaintiff's Objection (Doc. 109) to the Magistrate Judge's Order on Defendants' Motion for Extension of Time (Doc. 95); (2) Plaintiff's Objection (Doc. 110) to the Magistrate Judge's Order (Doc. 93), denying Plaintiff's Motion for Reconsideration (Doc. 89) of the Magistrate Judge's Order (Doc. 88), which denied Plaintiff's Motion to Compel E-Filing Access (Doc. 82); (3) Plaintiff's Objection (Doc. 139) to the Magistrate Judge's Endorsed Order (Doc. 136) striking several of Plaintiff's filings; and (4) Plaintiff's Objection (Doc. 151) to the Magistrate Judge's Order (Doc. 146) denying Plaintiff's Motion to Disqualify the Magistrate Judge (Doc. 107).

After reviewing each of Plaintiff's objections under the appropriate legal standard, none of the objections leave the Court with a conviction that a mistake has been committed. Although Plaintiff raises specific objections to the Magistrate Judge's analysis, further review of Plaintiff's objections reveals that much of the law cited by Plaintiff is inaccurate or concocted. Plaintiff's objections include citations to cases that seemingly do not to exist, as well as false quotations attributed to real cases. (*See* Doc. 151 at 3 (citing *United States v. Roses*, 39 F. 4th 113 (11th Cir.

2022), which does not appear to be a real case); *see also id.* at 7 (attributing a quote to *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365 (11th Cir. 1982), that is not present in the case)). Plaintiff's aforementioned Objections will be overruled.

### IV. FALSE LEGAL AUTHORITY AND AI

Given the above discussion, the Court must also address the issue of false or fabricated legal authority. As noted, Plaintiff's filings have included citations to non-existent legal authority, made-up quotations that are not from the cited cases, and blatant misrepresentations of the contents of cases. It appears that Plaintiff may be using AI technology to draft these filings.[3] This technology is notorious for hallucinating non-existent case law and misrepresenting the state of the law. *See Neal v. Sage Software LLC*, No. 1:24-cv-00388-SCJ, 2024 U.S. Dist. LEXIS 251057, at *6 (N.D. Ga. May 2, 2024) (collecting cases where the use of ChatGPT resulted in citations to non-existent cases). And "relying on 'non-existent precedent generated by ChatGPT'" or other AI technology "is an 'abuse of the adversary system.'" *Dukuray v. Experian Info. Sols.*, No. 23 Civ. 9043 (AT) (GS), 2024 U.S. Dist. LEXIS 132667, at *29 (S.D.N.Y. July 26, 2024) (quoting *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024)). Undoubtedly, if Plaintiff was "represented by counsel, this

---

[3] If Plaintiff is not using AI and is, instead, knowingly making such false misrepresentations, that would be even more problematic.

would be grounds for significant sanctions." *McClellon v. E. Rickard, Warden of FCI Otisville*, No. 24-cv-10053 (VSB) (BCM), 2025 U.S. Dist. LEXIS 234298, at *29 (S.D.N.Y. June 24, 2025). And while the Court does not believe sanctions are appropriate at this time given Plaintiff's *pro se* status and the possibility that Plaintiff was unaware of what he was doing, "it is no more acceptable for a *pro se* litigant to submit briefs with fake case citations than it is for a lawyer to do so." *Dukuray*, 2024 U.S. Dist. LEXIS 132667, at *30; *Morgan v. Cmty. Against Violence*, No. 23-cv-353-WPJ/JMR, 2023 U.S. Dist. LEXIS 190181, at *18 (D.N.M. Oct. 23, 2023) ("Although courts 'make some allowances for the pro se Plaintiff's failure to cite to proper legal authority,' courts do not make allowances for a Plaintiff who cites to fake, nonexistent, misleading authorities." (quoting *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013)).

Therefore, the Court will give Plaintiff the benefit of the doubt at this point, but he is now "definitively on notice of the risks [associated with using AI]," and therefore "Plaintiff must not allow this to happen again." *Dukuray*, 2024 U.S. Dist. LEXIS 132667, at *30. Plaintiff is hereby advised that any further filings with citations to nonexistent cases or similar misrepresentations may result in sanctions up to and including the dismissal of this case with prejudice.

## V.    Motion for Court to Confirm Absence of Conflict of Interest

Finally, Plaintiff requests that this Court confirm that there is not a conflict of interest between this Court and Defense Counsel, Frank Mari, due to Attorney Mari's prior service as a law clerk in the Middle District of Florida. (*See generally* Doc. 155). Although this is an unusual Motion, in the interests of efficiency, the Court will grant the Motion and confirm that no conflict of interest is present between the Court and Attorney Mari.

## VI.    Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 147) is **ADOPTED** and made a part of this Order.

2. Plaintiff's Objection (Doc. 150) to the Magistrate Judge's Order (Doc. 38) is **OVERRULED**.

3. Plaintiff's Second Amended Complaint (Doc. 80) is **DISMISSED without prejudice**.

4. **On or before December 29, 2025,** Plaintiff may file a Third Amended Complaint that complies with this Order and that remedies the shotgun pleading issues. Failure to do so will result in the dismissal of these claims with prejudice without further notice.

5. All deadlines other than the deadline for Plaintiff to file his Third Amended Complaint, including Defendants' response deadlines, are **STAYED** pending further order of the Court.

6. Defendants' Motion to Cancel or Reschedule Trial Status Conference (Doc. 158) is **GRANTED**. The Trial Status Conference set for December 11, 2025, is **CANCELLED**.

7. Plaintiff's Objection to Defendants' Notice of Appearance (Doc. 111) and Defendants Cheatham and Huff's Notice Regarding Motion to Dismiss (Doc. 125) are **STRICKEN**.

8. Plaintiff's Motions for Clerk's Entry of Default (Doc. Nos. 108, 113, 114, 115, 120, 122, 126, 127, 128, 138), Plaintiff's Motion to Correct (Doc. 137), Plaintiff's Motions to Compel Service of Process (Doc. Nos. 123, 131), Plaintiff's Motion to Strike (Doc. 140), Plaintiff's Motion to Compel Clerk's Entry of Default (Doc. 142) and Defendants' Motion to Dismiss (Doc. 112) are **DENIED as moot**.

9. Plaintiff's Objections to the Magistrate Judge's Orders (Doc. Nos. 109, 110, 139, 159) are **OVERRULED**.

10. Plaintiff's Motion for Court to Confirm Absence of Conflict of Interest Regarding Counsel Frank Mari (Doc. 155) is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2025.



Copies furnished to:

Counsel of Record
Unrepresented Party